```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
UNITED STATES OF AMERICA                 :
                                         :
                -v-                      :     22cr105 (DLC)
                                         :
JAMES VELISSARIS,                        :     OPINION AND ORDER
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the United States of America:
Daniel Marc Tracer
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007

Daniel Loss
U.S. Attorney's Office, SDNY
300 Quarropas Street
White Plains, NY 10601

For the defendant:
Kathleen Anne Reilly
Michael Kim Krouse
Veronica Ellen Callahan
Arnold & Porter Kaye Scholer LLP (NYC)
250 West 55th Street
New York, NY 10019

Paul Joseph Fishman
Arnold & Porter Kaye Scholar LLP
One Gateway Center
Suite 1025
Newark, NJ 07102

DENISE COTE, District Judge:

   James Velissaris has been charged in a six-count Indictment with securities fraud and obstruction of an SEC investigation in

connection with his alleged manipulation of the valuation of securities sold by funds that he advised.  At a conference on February 25, 2022, trial was set to commence on November 28, 2022.  The Government has provided voluminous discovery to the defendant.  Of particular importance to the discussion that follows, on March 25, the Government sent the defendant an eight-page letter providing statements and information regarding twelve different persons who had been interviewed in 2021 and 2022.

On June 24, Velissaris filed a motion requesting a bill of particulars, an adjournment of his trial date, and an order compelling the Government to produce additional discovery pursuant to its obligations under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and Fed. R. Crim. P. 16.  The Government has opposed each of these requests.  On July 2, the Court denied Velissaris's requests for an adjournment of his trial date and a bill of particulars, but reserved a decision on the motion to compel.  For the following reasons, Velissaris's motion to compel is denied.

Rule 16 describes the parties' disclosure obligations before and during trial.  Fed. R. Crim. P. 16(c).  Brady is not a rule of criminal procedure, and the scope of a Brady obligation is "ultimately defined retrospectively."  United States v. Coppa, 267 F.3d 132, 140 (2d Cir. 2001).

Under Brady and related authorities, "the government has an affirmative duty under the Due Process Clause to disclose favorable evidence known to it" to the defendant in a criminal case.  United States v. Hunter, 32 F.4th 22, 30 (2d Cir. 2022) (citing Brady, 373 U.S. at 87).  The Government violates its duty under Brady where it fails either willfully or inadvertently to disclose evidence that is favorable to the defendant and where the defendant is prejudiced by the suppression of the material.  Id. at 31.  Prejudice exists "where the evidence is material either to guilt or punishment." Id. (citation omitted).  For evidence to be "material" in the context of a trial, there must be a sufficient probability that disclosure of the evidence would change the result of the proceeding and thereby "undermine[] confidence in the outcome of the trial."  Id. (citation omitted).  Such material must be disclosed "in time for its effective use at trial."  Coppa, 267 F.3d at 142.  A "prudent prosecutor will resolve doubtful questions in favor of disclosure."  Hunter, 32 F.4th at 35 (citation omitted).

This disclosure obligation, however, extends only to evidence "that is known to the prosecutor."  United States v. Avellino, 136 F.3d 249, 255 (2d Cir. 1998); see also Fed. R. Crim. P. 16(a)(1)(E) (requiring the production of material information "within the government's possession, custody, or

3

control."). Knowledge of material information may be imputed to the prosecutor when "that information is possessed by others on the 'prosecution team.'" Hunter, 32 F.4th at 36. In assessing who is on that team, what is important is "what the person did, not who the person is." Id. (citation omitted). There is no duty for a prosecutor to search all of government for Brady material; such an obligation would be "an unworkable encumbrance on the system of justice." Id. at 37.

The Second Circuit has not yet articulated a test to decide when knowledge of Brady material may be imputed from one agency to another. Id. at 38 n.70. Some courts in this District, however, have held that the prosecution may be required to review material held by another federal agency when the prosecution conducts a joint investigation with that agency. See United States v. Blaszczak, 308 F. Supp. 3d 736, 742 n.36 (S.D.N.Y. 2018) (listing cases). Those district courts have looked to a number of factors to determine whether the prosecution and another agency have conducted a joint investigation,

> including whether the other agency: (1) participated in the prosecution's witness interviews, (2) was involved in presenting the case to the grand jury, (3) reviewed documents gathered by or shared documents with the prosecution, (4) played a role in the development of prosecutorial strategy, or (5) accompanied the prosecution to court proceedings.

4

United States v. Middendorf, 18CR0036, 2018 WL 3956494, at *4 (S.D.N.Y. Aug. 17, 2018).[1]

Asserting that the U.S. Attorney's Office for the Southern District of New York ("USAO" or "Government") and the Securites & Exchange Commission ("SEC") should be regarded as having conducted a joint investigation, Velissaris makes two requests. He first requests that the Government review "all" information within the SEC's possession to evaluate whether any of it constitutes Brady material. Even if there was no joint investigation, Velissaris asserts that the USAO must review the entire SEC case file for Brady information because he is charged with conspiring to obstruct and with obstructing the SEC's investigation. A search of SEC files by the USAO is not required here.

Although both the SEC and the USAO have launched investigations against Velissaris, the SEC is not a part of the "prosecution team." The SEC began work on its investigation months before the USAO became involved. Additionally, the SEC has not been involved in the USAO's charging decisions, grand jury presentation, or prosecutorial strategy, and the SEC has

---

[1] It is unnecessary to decide in this case whether this multi-factor test for assessing the existence of a joint investigation should be adopted. Even using that test, the USAO's criminal investigation of Velissaris was not a joint investigation with the SEC.

not attended court proceedings in this case.  Indeed, the SEC's civil action against the defendant is stayed.

Velissaris argues that the SEC is part of the prosecution team because it conducted joint interviews with the USAO of individuals from Velissaris's firm, among other entities.  But jointly conducted interviews, standing alone, do not support a conclusion that the SEC and USAO have conducted a joint investigation,[2] particularly where the defendant's request is not limited to information about those interviews.  Cf. United States v. Gupta, 848 F. Supp. 2d 491, 493–94 (S.D.N.Y. 2012) (requiring the USAO to review the SEC's interview memoranda for Brady material from jointly conducted interviews).

It is noteworthy that the Government has already provided to Velissaris documents that the SEC collected from third parties and has agreed to provide the notes and memoranda of interviews conducted by the SEC without the Government's involvement at the time that it produces 3500 material.  The Government has also disclosed to the defendant certain SEC analyses identified and requested by the defendant.

---

[2] If the SEC were considered part of a prosecutor's team solely because there were jointly conducted interviews, prosecutors would likely cease to participate in such interviews and the efficiencies for witnesses and investigators that arise from jointly conducted interviews would quickly disappear.

6

Velissaris also asserts that the USAO relied so extensively on the SEC's evidence and valuation analysis about the securities at issue that the SEC's knowledge of any material information must therefore be imputed onto the USAO.  The prosecution, however, represents that it has built its case primarily on records it obtained and analysis it performed itself.  Indeed, the USAO did not obtain the SEC's valuation analysis until months after it filed a 33-page Indictment describing Velissaris's alleged conduct in considerable detail; and even then, that analysis by the SEC was obtained for the purpose of disclosing it to Velissaris.  To the extent that the USAO has relied on evidence gathered from the SEC, that evidence was gathered before the USAO began its own investigation, and was not performed under its direction.  Velissaris has therefore failed to show that the SEC has operated as part of the "prosecution team," or that it has conducted a joint investigation with the USAO.

Nor has Velissaris shown that <u>Brady</u> requires the Government to search all of the SEC's files because he is charged with obstruction of an SEC proceeding.  Count Six of the Indictment charges that Velissaris obstructed the SEC's inquiry and investigation into his company by altering and fabricating policy documents and committee meeting minutes submitted to the

SEC in response to the SEC's requests for documents.  Count Five charges Velissaris with conspiring to obstruct the SEC inquiry.

Velissaris made this argument in a footnote, and accordingly it could properly be ignored.  See Conn. Bar Ass'n v. United States, 620 F.3d 81, 100 n.21 (2d Cir. 2010).  In any event, the argument that the Government is required to search "the entire SEC case file" because the Indictment contains obstruction counts is without any basis in the law.  Unsurprisingly, Velissaris cites no authority to support his argument.  And Velissaris does not otherwise explain why such a search is likely to uncover exculpatory material, or why knowledge of that material should be imputed to the USAO.

Second, again citing the Government's Brady obligations, Velissaris requests full copies of interview notes and reports from the Government's interviews with the twelve witnesses described in the March 25 disclosure.  Such information, however, is not required to be made available to a defendant until the witness "has testified on direct examination in the trial of the case."  18 U.S.C. § 3500; see also Fed. R. Crim. P. 16(a)(2).  Accordingly, a court may only require disclosure of such material before trial when disclosure is required by the Constitution under Brady and related cases.  See Coppa, 267 F.3d at 146.  When a witness provides potentially exculpatory testimony, however, the Government can satisfy its Brady

8

obligations by disclosing the witness's identity and informing the defendant that the witness conveyed potentially exculpatory information.  See United States v. Mahaffy, 693 F.3d 113, 131 n.11 (2d Cir. 2012).

Velissaris has not shown that early disclosure of the Government's complete interview notes and reports for the twelve witnesses is required.  The Government has already disclosed to Velissaris not only the identities of those twelve witnesses, but also certain statements by those witnesses made during interviews.  This is more than sufficient to satisfy any Brady obligation that the Government may have with respect to those witnesses.  Id.  The Court has also required the parties to confer regarding a schedule for pretrial disclosure of 3500 material and other materials.  In the normal course in this District, Velissaris will have access to 3500 material well in advance of a Government witness taking the stand at trial.

Velissaris argues that more complete disclosure is required to contextualize the statements already disclosed to him, and to ensure that the Government did not miss other exculpatory material.  But Velissaris has not explained how additional context might help or why early disclosure of the requested material is likely or necessary to uncover material information.  This is particularly true for those employees and members of his

9

firm who are among the twelve witnesses interviewed and for any of the twelve with whom he interacted during the alleged scheme.

## Conclusion

Velissaris's June 24, 2022 motion to compel the production of additional discovery is denied.

Dated:   New York, New York
         July 3, 2022

                              _____
                                    DENISE COTE
                              United States District Judge