# Exhibit A

| From: | Loss, Daniel (USANYS) |
|---|---|
| To: | Krouse, Michael; Fishman, Paul J.; Callahan, Veronica E.; Reilly, Kathleen A.; Schultz, Christian; Oh, Jennifer |
| Cc: | Tracer, Daniel (USANYS) |
| Subject: | RE: Follow up from our phone call |
| Date: | Friday, June 24, 2022 8:35:12 AM |
| Attachments: | 2022.06.23 Government Production.zip |
| | 2022.03.25 Letter to Counsel with proposed redaction.pdf |

Mike,

Please see our responses in red italics below. We are providing these responses pursuant to Local Rule 16.1.

Thanks,

Dan

**From:** Krouse, Michael <Michael.Krouse@arnoldporter.com>
**Sent:** Thursday, June 23, 2022 12:02 AM
**To:** Tracer, Daniel (USANYS) <DTracer@usa.doj.gov>; Loss, Daniel (USANYS) <DLoss@usa.doj.gov>
**Cc:** Fishman, Paul J. <Paul.Fishman@arnoldporter.com>; Callahan, Veronica E. <Veronica.Callahan@arnoldporter.com>; Reilly, Kathleen A. <Kathleen.Reilly@arnoldporter.com>; Schultz, Christian <Christian.Schultz@arnoldporter.com>; Oh, Jennifer <Jennifer.Oh@arnoldporter.com>
**Subject:** [EXTERNAL] Follow up from our phone call

Daniel and Dan,

Following up on our call from this morning, we want to confirm our understanding of the Government's position on certain outstanding items we plan to raise as part of our motions on Friday, and to identify the questions you asked us to raise in a follow-up email. We may have further questions on your email from last week, but these are the priority items in advance of Friday's deadline.

We understand that you plan to oppose our request for an adjournment of the trial date.

*We oppose the request for an adjournment. We have provided timely and organized discovery, including voluntary productions of particulars, and we believe that the current trial date (which is still more than five months away) is appropriate and provides the defense sufficient time to prepare.*

We also understand that you would oppose our request for a Bill of Particulars as to: (1) the specific OTC derivatives that you allege were "inflated" in value, the dates on which such inflation occurred, and the amount by which the derivatives were allegedly over-valued; (2) the specific false statements, representations, or omissions allegedly made to investors and potential investors that the Government intends to rely on at trial to prove the fraud charges.

*We have previously provided to you, promptly and on a voluntary basis and to the extent we have identified such information, the specific OTC derivatives that the Government alleges were improperly modeled, the dates as of which we expect to show the mismodeled positions were in Infinity Q's portfolio, and the specific way in which we allege the positions were mismodeled. With the respect to the quantitative effect of these alleged manipulations, namely, the calculations of the amount of inflation attributable to these positions, we have agreed to disclose this information (to the extent we plan to rely on it at trial) when it is available and substantially in advance of trial. We believe your request for a bill of particulars as to the quantitative effect attributable to the positions we disclosed to you (months ago) lacks merit and goes well beyond the proper function of a bill of particulars, and therefore we would oppose such a motion.*

*With respect to your request for the "specific false statements, representations, or omissions*

*allegedly made to investors and potential investors that the Government intends to rely on at trial," we note that the 33-page Indictment in this matter outlines the fraud charges in great detail, including the substance and illustrative examples of the misrepresentations that the Government intends to prove. To the extent that the defendant seeks at this stage a catalog of every single instance where such a misrepresentation was made, we believe that such a requirement would unfairly limit the Government's proof at trial and is contrary to the law. We therefore would oppose a motion for a bill of particulars seeking a catalog of each and every misrepresentation.*

You confirmed your position that the SEC should not be considered a part of the prosecution team.

*The SEC, a separate government agency that conducted a parallel civil investigation, is not part of the prosecution team in this matter. Nevertheless, in an effort to provide you with robust and comprehensive discovery, we have obtained and produced to you all documents provided by third parties to the SEC as part of its parallel investigation and have committed to provide you with any SEC notes of interviews with testifying or non-testifying witnesses along with our production of 3500 material. To the extent there are particular, relevant materials in the possession of the SEC that you believe you are entitled to, we ask that you let us know so that, if appropriate, we can make efforts to obtain them for you (as we have done so far).*

Also, we discussed with you our contemplated motion to compel production of the notes and reports associated with the interviews discussed in your letter of March 25, 2022, and we raised whether that letter needed to be redacted. You stated that you would send us the letter with proposals for redactions in red boxes.

*Attached please find a copy of our March 25, 2022 letter identifying with red boxes the information that we believe should be redacted.*

Beyond that one letter, please let us know if, from your perspective, any other correspondence you sent us (discovery production letters, our email exchanges related to outstanding discovery issues, etc.) needs to be redacted if it were to be attached to the motion.

*If you direct us to the specific correspondence that you intend to attach to your motion, we will let you know if we believe any content needs to be redacted. As a general matter, we request that you abide by the terms of the protective order.*

We also request your anticipated timing for providing any log of productions by Infinity Q, although, as we stated on the call, we do not think this would negate our request for the production of any cover letters from Infinity Q.

*Although we do not believe it is required by Rule 16, we have asked Infinity Q for a log of their productions to us and will provide the log to you promptly upon receipt from Infinity Q.*

During the call, you committed to checking and getting back to us regarding:

1) Whether there is substantive correspondence between you and Bloomberg, and between the SEC and Bloomberg, that has not yet been produced. If there is, you will produce them to us. We emphasized during the call that this would include, but not be limited to, any representations about what may not exist or would be difficult for Bloomberg to produce.

*Although not required under Rule 16, we have agreed to produce, to the extent not previously disclosed to you, substantive correspondence from Bloomberg identifying or describing the documents that Bloomberg provided to our Office. To that end, attached please find correspondence from Bloomberg, together with cover letters from EisnerAmper and the TAP, bates stamped USAO_SDNY_00006832-00006855, subject to the protective order in this matter. The April 6, 2021 email from Bloomberg bates stamped USAO_SDNY_00006851 contains references to certain documents within the bates range BL00000008-00001506. These documents were produced to you*

*bearing bates stamps USAO_SDNY_00000024-00000248. Additionally, notes of a call with Bloomberg on or about September 3, 2021 reflect that a spreadsheet provided by Bloomberg on August 20, 2021 and produced to you as USAO_SDNY_00000008 "contains all deals that were custom on IQ side with Deal ID, type is type of derivative, BLAN script is the BLAN presentation of term sheet . . . . This is all deals as of a specific day in early 2021 when portfolio was frozen (can check on exact date). This is the universe. Within this would be any deals that have shifts that were made by JV."*

*We have omitted non-substantive correspondence, including one formal cover letter that we have identified from Bloomberg, and do not intend to produce all communications with Bloomberg beyond those that describe the documents in Bloomberg's document productions. As we have previously explained, we believe that Bloomberg is the best source of accurate information as to what material "may not exist or would be difficult for Bloomberg to produce," and we understand that you are already in communication with Bloomberg. Nevertheless, in response to your request, we are providing you an email from Bloomberg dated February 12, 2021 regarding Bloomberg's backup of databases, which is bates stamped USAO_SDNY_00006846. In addition to the correspondence from Bloomberg attached hereto, on or about February 12, 2021, Bloomberg communicated during a call, in substance, that backups of Infinity Q's database were done in early January and early February 2021, which were accessible, and that counsel believed daily back-ups had been done for approximately the previous 16 days. We cannot however make any representations about what materials Bloomberg may or may not be able to obtain.*

*In further response to your request, we have asked the SEC to provide us (to the extent not previously produced) any cover letters or transmittal emails from Bloomberg to the SEC containing substantive information regarding materials produced by Bloomberg to the SEC. These materials are attached hereto, subject to the protective order, as USAO_SDNY_00006906-00006915.*

2) Whether there are production cover letters from other third parties who produced materials either to you or to the SEC (e.g. US Bank, Alaric, auditors, and counterparties), including if there is substantive information in those letters about what was produced on those dates. If there are, you will produce them to us.

*As we have previously explained, we do not believe that Rule 16 requires the production of cover letters. Nevertheless, as noted above, we are providing you as an attachment to this email cover letters to productions that this Office received from the TAP and EisnerAmper. This Office did not receive productions directly from US Bank or Alaric. As noted above, we have requested an index for Infinity Q's productions and will provide it to you upon receipt. To the extent that we have received cover letters for documents that the SEC received from third parties, we have produced them to you.*

3) Whether the SEC looked at the BVAL system but did not take screenshots of what they saw, or whether they always took screenshots of what they saw. We'd also ask that you confirm that the SEC provided all screenshots taken to you, and that those were produced to us.

*In response to your request, we understand that there were instances in which the SEC viewed Infinity Q positions on BVAL without taking screenshots. We have produced to you all screenshots that we received from the SEC (See documents bates stamped USAO_SDNY_00000301-00000319 and SEC-SDNY-EPROD-004075826 – SEC-SDNY-EPROD-004080052). We understand that there may be a small number of additional screenshots taken by the SEC, which we have requested.*

4) Whether any entities or individuals waived privilege in productions made to the SEC.

*We have confirmed with the SEC that no parties waived privilege in productions made to the SEC.*

Finally, we asked the following factual questions, which we would like answers to by end of day tomorrow:

1) How many witness interviews occurred where both the U.S. Attorney's Office/FBI and the SEC were present?

*The Government (i.e., the USAO and/or FBI) and the SEC jointly attended interviews with approximately 22 witnesses.*

2) How many presentations did Infinity Q make to the Government, and who from the Government was present at those presentations (the SEC, U.S. Attorney's Office, FBI, etc.)?

*On or about November 24, 2021, Infinity Q made a presentation to the Government, the SEC, and the CFTC . This presentation is bates stamped IQCM-SEC-00581368—IQCM-SEC-00581420. On or about October 26, 2021, Infinity Q made a presentation to the Government and the SEC relating to the information contained in the document bates stamped USAO_SDNY_00001997-00002056. On or about May 6, 2022, Infinity Q made a presentation to the Government, the SEC, and the CFTC. This presentation and other materials provided by Infinity Q to the SEC in connection with the presentation are bates stamped USAO_SDNY_00006915-00007002, and are attached hereto subject to the protective order. We understand that Infinity Q also made presentations to the SEC, without the Government's participation. There may also have been some calls with counsel for Infinity Q where factual information was provided, and where the Government and/or the SEC or CFTC participated.*

*Although your request does not specifically call for such information, we note that, on or about August 10, 2021, the TAP made a presentation to the Government, the SEC, and the CFTC. On December 13, 2021, the TAP made a presentation to the Government and the SEC which is bates stamped TAP-SDNY-000001-000035.*

*In addition, on or about August 10, 2021, US Bank made a presentation to the Government, the SEC, and the CFTC, which is attached hereto, subject to the protective order, as USAO_SDNY_00006856-00006905.*

3) Were there any questions posed by the Government to Milbank, or any discussions, regarding Infinity Q's limited waiver of privilege, and who had the authority to make such a limited waiver?

*We are not aware who in particular authorized such a waiver. We understand you are in communication with counsel for Infinity Q to the extent you require such information.*

4) Did the SEC ask Infinity Q or other third parties to conduct any analysis (in particular, as to valuation)?

*We are inquiring with the SEC and will revert with any responsive information.*

Thank you,
Mike

_____

[Michael Kim Krouse](#)
Partner | [Bio](#)

250 West 55th Street
New York, NY 10019-9710
T: +1 212.836.7750
[Michael.Krouse@arnoldporter.com](mailto:Michael.Krouse@arnoldporter.com)
[www.arnoldporter.com](http://www.arnoldporter.com) | [LinkedIn](#) | [Twitter](#)

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:

http://www.arnoldporter.com