UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                      :

UNITED STATES OF AMERICA        :

                                      :

                -v-                :        22cr105 (DLC)

                                      :

JAMES VELISSARIS,                 :        <u>OPINION AND ORDER</u>

                                      :

                         Defendant.  :

                                        :
-------------------------------------- X

APPEARANCES:

For the United States of America:
Daniel Marc Tracer
Margaret Graham
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007

Daniel Loss
U.S. Attorney's Office, SDNY
300 Quarropas Street
White Plains, NY 10601

For the defendant:
Kathleen Anne Reilly
Michael Kim Krouse
Veronica Ellen Callahan
Arnold & Porter Kaye Scholer LLP (NYC)
250 West 55th Street
New York, NY 10019

Paul Joseph Fishman
Arnold & Porter Kaye Scholar LLP
One Gateway Center
Suite 1025
Newark, NJ 07102

DENISE COTE, District Judge:

     The defendant has been charged in a six-count indictment

with securities fraud and obstruction of an SEC investigation

based on the defendant's alleged manipulation of the valuation of certain over-the-counter derivative securities.  The defendant filed one motion _in limine_ on October 19 and four additional motions _in limine_ on November 8.  The Government filed four motions _in limine_ on November 8.  Trial is scheduled to commence on November 28.

To assist in the resolution of the issues to be addressed at the final pretrial conference of November 18, this Opinion sets out some of the well-established legal principles that will be incorporated into the rulings at the conference.  They are the evidentiary standards under Rules 401, 403, 702, 701, 803(6), and 404(b)(1) of the Federal Rules of Evidence, and rules regarding hypothetical questions placed to lay witnesses.

## **Rule 401**

Evidence is relevant if it has any tendency to make a fact of consequence in determining the action "more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  "To be relevant, evidence need not be sufficient by itself to prove a fact in issue, much less prove it beyond a reasonable doubt."  United States v. Litvak, 808 F.3d 160, 179-80 (2d Cir. 2015) (citation omitted).  Relevance is, instead, a "low threshold" that is "easily satisfied."  United States v. Gramins, 939 F.3d

429, 450 (2d Cir. 2019).  "Unless an exception applies, all relevant evidence is admissible."  Id. (citation omitted).

## Rule 403

Under Rule 403, courts may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The question of whether evidence is unduly prejudicial to a criminal defendant

> is not whether the evidence [is] suggestive of guilt -
> - as all relevant evidence offered against the
> defendant would suggest guilt -- but rather, whether
> it tends to have some adverse effect upon a defendant
> beyond tending to prove the fact or issue that
> justified its admission into evidence.  This adverse
> effect may consist of a tendency of the evidence in
> question to prove some adverse fact not properly in
> issue or unfairly excite emotions against the
> defendant.

United States v. Massino, 546 F.3d 123, 132-33 (2d Cir. 2008) (citation omitted).

## Rule 702

Federal Rule of Evidence 702 governs the admission of expert testimony.  Rule 702 allows a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" to testify, "in the form of an opinion or otherwise," if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Under this rule, the trial judge must first address "the threshold question of whether a witness is qualified as an expert by knowledge, skill, experience, training, or education to render his or her opinions."  Nimely v. City of New York, 414 F.3d 381, 396 n.11 (2d Cir. 2005) (citation omitted).

If that question is answered in the affirmative, the trial judge has a "gatekeeper function," requiring her to "ensur[e] that any and all scientific testimony or evidence admitted is not only relevant, but reliable."  Restivo v. Hessemann, 846 F.3d 547, 575 (2d Cir. 2017) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993)).  In exercising the gatekeeping role established in Daubert, a district court should consider the specific criteria for expert testimony set forth in Rule 702.  Clerveaux v. E. Ramapo Central School Dist., 984 F.3d 213, 233 (2d Cir. 2021).  Beyond that, however, the Daubert

inquiry is "fluid and will necessarily vary from case to case." In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II), 982 F.3d 113, 123 (2d Cir. 2020) (citation omitted).  The gatekeeping inquiry must, of course, "be tied to the facts of a particular case."  United States v. Requena, 980 F.3d 30, 47 (2d Cir. 2020) (citation omitted).

"[T]here are many different kinds of experts, and many different kinds of expertise."  United States v. Romano, 794 F.3d 317, 330 (2d Cir. 2015) (quoting Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999)).  A court must "assess whether the expert employs the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  Restivo, 846 F.3d at 577 (citation omitted).  Expert testimony should be excluded "if it is speculative or conjectural or based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison."  Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, 571 F.3d 206, 214 (2d Cir. 2009) (citation omitted).  Contentions that "the assumptions are unfounded," however, "go to the weight, not the admissibility, of the testimony."  Id. (citation omitted).  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and

appropriate means of attacking shaky but admissible evidence."
Daubert, 509 U.S. at 596.

To be admissible, an expert's analysis must be reliable "at
every step." Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d
256, 267 (2d Cir. 2002). "[A]ny step that renders the analysis
unreliable . . . renders the expert's testimony inadmissible.
Id. (emphasis omitted). Moreover, "nothing in either Daubert or
the Federal Rules of Evidence requires a district court to admit
opinion evidence that is connected to existing data only by the
ipse dixit of the expert." Gen. Elec. Co. v. Joiner, 522 U.S.
136, 146 (1997).

An expert's opinion must also be relevant, meaning that it
will "help the trier of fact to understand the evidence or to
determine a fact in issue." Fed. R. Evid. 702; see Daubert, 509
U.S. at 591. "The role of an expert is not to displace the
[trier of fact] but rather to provide the groundwork to enable
the jury to make its own informed determination." In re Methyl
Tertiary Butyl Ether (MTBE) Products Liab. Litig., 725 F.3d 65,
114 (2d Cir. 2013) (citation omitted). Expert testimony assists
the trier of fact "when it sheds light on activities not within
the common knowledge of the average juror." United States v.
Wexler, 522 F.3d 194, 204 (2d Cir. 2008) (citation omitted).

Finally, even if expert testimony satisfies the
requirements of Rule 702, the expert testimony may nonetheless
be excluded pursuant to Rule 403. United States v. Gatto, 986
F.3d 104, 117-18 (2d Cir. 2021) (upholding exclusion where
expert testimony, even if helpful, "was substantially more
prejudicial than probative"). In United States v. Aiyer, 33
F.4th 97 (2d Cir. 2022), the Court of Appeals affirmed the
conviction of a defendant accused with violating the antitrust
laws and, inter alia, rejected the defendant's argument that the
district court erred in excluding expert testimony that the
defendant's trading activity in the foreign currency exchange
market lacked anticompetitive effects and yielded procompetitive
effects. Id. at 123. Among other rulings, the district court
had excluded expert testimony about the lack of anticompetitive
effect as an attempt "to suggest why the alleged conspirators in
this case acted as they did," and thus as an "impermissible
attempt for an expert to testify as to the state of mind" of the
defendants. Id. at 126 (citation omitted). In Litvak, 808 F.3d
160, the district court did not abuse its discretion in
excluding expert testimony in a securities fraud trial that the
trades were executed at a fair market value where the issues for
the jury were "whether a reasonable investor might have found

the misstatements important and whether [the defendant] intended to deceive the purported victims." Id. at 185-86.

## Rule 701

"The Federal Rules of Evidence allow the admission of fact testimony so long as the witness has personal knowledge, while opinion testimony can be presented by either a lay or expert witness." United States v. Afriyie, 929 F.3d 63, 69 (2d Cir. 2019) (citation omitted); Fed. R. Evid. 602, 701, 702.  "The distinction between statements of fact and opinion is, at best, one of degree."  Afriyie, 929 F.3d at 69 (citation omitted). The Federal Rules of Evidence do not "distinguish between expert and lay witnesses, but rather between expert and lay testimony." Fed. R. Evid. 701 advisory committee's note to 2000 amendment.

Under Rule 701,

[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701; Afriyie, 929 F.3d at 69.  "The 'specialized knowledge' restriction in Part (c) prevents a party from conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pre-trial disclosure requirements set forth in Fed.

R. Crim. P. 16." United States v. Cabrera, 13 F.4th 140, 149 (2d Cir. 2021) (citation omitted).  Thus, if an opinion "rests in any way upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701."  Id. (citation omitted).

On the other hand, the fact that a witness has specialized knowledge, or that he carried out an investigation because of that knowledge, does not preclude him from testifying pursuant to Rule 701, "as long as [the testimony] was based on his investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise." United States v. Rigas, 490 F.3d 208, 224 (2d Cir. 2007) (citation omitted).  This is because, to the extent the testimony is grounded in an investigation the witness undertook as an employee, it is admissible pursuant to Rule 701 since it is "based on his perceptions."  Bank of China, N.Y. Branch v. NBM LLC, 359 F.3d 171, 181 (2d Cir. 2004).  Thus, "[a]n employee's testimony grounded in an investigation he undertook in his role as an employee is admissible under Rule 701; to the extent the employee's testimony reflects specialized knowledge resulting from extensive experience, however, it is not." Afriyie, 929 F.3d at 69 (citation omitted); see also Bank of China, 359 F.3d at 182.

**Rule 803(6)**

The business records exception to the rule against hearsay

provides for the admissibility of:

> [a] record of an act, event, condition, opinion, or
> diagnosis if:
>
> (A) the record was made at or near the time by -- or
> from information transmitted by -- someone with
> knowledge;
>
> (B) the record was kept in the course of a regularly
> conducted activity of a business . . . ;
>
> (C) making the record was a regular practice of that
> activity;
>
> (D) all these conditions are shown by the testimony of
> the custodian or another qualified witness, or by a
> certification . . . ; and
>
> (E) the opponent does not show that the source of
> information or the method or circumstances of
> preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

The business records exception "aims to ensure that

documents were not created for personal purposes or in

anticipation of any litigation so that the creator of the

document had no motive to falsify the record in question."

Picard v. JABA Assocs. LP, 49 F.4th 170, 182 (2d Cir. 2022)

(citation omitted).  "The rule favors the admission of evidence

rather than its exclusion if it has any probative value at all."

Id. (citation omitted).

To lay a proper foundation for a business record, a qualified witness "must testify that the document was kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the record." United States v. Komasa, 767 F.3d 151, 156 (2d Cir. 2014) (citation omitted).  To be part of a "regular practice" of a business, a business record need not be mechanically generated.  Instead, what is important is that it was "maintained in a consistent way and was focused on a certain range of issues that were relevant to [the] business." United States v. Kaiser, 609 F.3d 556, 575 (2d Cir. 2010).  The foundation witness "need not have personal knowledge of the actual creation of the document to lay a proper foundation." Komasa, 767 F.3d at 156 (citation omitted).  "Even if the document is originally created by another entity, its creator need not testify when the document has been incorporated into the business records of the testifying entity." United States v. Jakobetz, 955 F.2d 786, 801 (2d Cir. 1992).

If the requisite foundation is shown, the burden shifts to the opponent of the evidence to demonstrate "a lack of trustworthiness."  Fed. R. Evid. 803(6); see Abascal, 820 F.3d at 566.  A duty to report "has long been recognized as the principal means of establishing the reliability of a hearsay

11

statement" offered under the business records exception.
<u>Abascal</u>, 820 F.3d at 566 (citation omitted).  "Residual doubts
on the question of trustworthiness would go to the weight of the
evidence, not its admissibility."  <u>Kaiser</u>, 609 F.3d at 576
(citation omitted).

## **Rule 404(b)(1)**

Under Rule 404, "evidence of a crime, wrong, or other act
is not admissible to prove a person's character in order to show
that on a particular occasion the person acted in accordance
with the character."  Fed. R. Evid. 404(b)(1).  As a corollary
to this rule, "a defendant may not seek to establish his
innocence through proof of the absence of criminal acts on
specific occasions."  <u>United States v. Dawkins</u>, 999 F.3d 767,
792 (2d Cir. 2021) (citation omitted).  Thus, evidence that a
defendant engaged in other, non-fraudulent conduct is "simply
irrelevant" to whether the charged conduct was fraudulent.
<u>United States v. Walker</u>, 191 F.3d 326, 336 (2d Cir. 1999).

## **Hypothetical Questions**

To convict a defendant of securities fraud under § 10(b) of
the Securities and Exchange Act and Rule 10b-5, the Government
must prove, <u>inter alia</u>, "that in connection with the purchase or
sale of a security the defendant, acting with scienter, made a
material misrepresentation (or a material omission if the

defendant had a duty to speak) or used a fraudulent device."
United States v. Vilar, 729 F.3d 62, 88, 92 (2d Cir. 2013)
(citation omitted).  "A misrepresentation is material under
Section 10(b) of the Securities Exchange Act and Rule 10b-5
where there is a substantial likelihood that a reasonable
investor would find the misrepresentation important in making an
investment decision."  Litvak, 808 F.3d at 175 (citation
omitted).

A fact witness may testify only if there is sufficient
evidence "to support a finding that the witness has personal
knowledge of the matter."  Fed. R. Evid. 602.  When a fact
witness is asked a hypothetical question about facts for which a
foundation is laid in the record, and asked as well in answering
the question to apply a reasoning process similar to that in
which the witness normally engages, such testimony is admissible
as testimony from a fact witness or, depending on the question,
as lay opinion testimony.  United States v. Cuti, 720 F.3d 453,
458-61 (2d Cir. 2013).  "[A] witness may testify to the fact of
what he did not know and how, if he had known that independently
established fact, it would have affected his conduct or
behavior."  Id. at 459.  Such hypothetical questions "are
especially useful to elicit testimony about the impact of

13

fraud."   Id.


Dated:     New York, New York
           November 18, 2022


                                    _____
                                           DENISE COTE
                              United States District Judge