# EXHIBIT B

Michael A. Battle
William R. Martin (admitted *pro hac vice*)
Michelle N. Bradford (admitted *pro hac vice*)
David S. Slovick
Erin C. Steele (*pro hac vice* pending)
BARNES & THORNBURG LLP
555 12th Street NW, Suite 1200
Washington, DC 20004-1275
mbattle@btlaw.com
(202) 371-6350
billy.martin@btlaw.com
(202) 371-6363
mbradford@btlaw.com
(202) 408-6922
dslovick@btlaw.com
(646) 746-2019
esteele@btlaw.com
(202) 408-6932

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JAMES VELISSARIS,**<br><br>**Defendant.** | **No. 1:22-cr-00105-DLC**<br><br>**Hon. Denise L. Cote**<br><br>**DECLARATION OF**<br>**JAMES VELISSARIS**<br><br>**FILED UNDER SEAL** |

## DECLARATION

I, James Velissaris, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following facts are true and correct:

1.      I am the Defendant named in an Indictment filed in the Southern District of New York ("SDNY") – Criminal Case No. 1:22-cr-105-DLC.

2.      In February 2022, I retained the law firm of Arnold & Porter LLP ("A&P") to defend me against the criminal charges filed against me in this case.

3.      A&P attorneys Veronica Callahan, Kathleen Riley, Paul Fishman and Michael Krouse were assigned by A&P to serve as my legal counsel.  All four of those attorneys entered their appearances in this case.

4.      The Indictment in this case charges me with six separate offenses.  Count One charges Securities Fraud, Count Two charges Investment Advisor Fraud, Count Three charges Wire Fraud, Count Four charges False Statements to an Accountant, Count Five charges Conspiracy to Obstruct an SEC Investigation, and Count Six charges Obstruction of an SEC Investigation.

5.      At arraignment, I entered a plea of Not Guilty to all charges.

6.      From the beginning of my relationship as a client of A&P and until I was advised by my lawyers that I should plead guilty, I maintained my innocence.

7.      Attorneys Veronica Callahan and Kathleen Riley, who both have experience representing clients in civil securities matters, served as lead counsel on the securities-related Counts of the Indictment.

8.      Attorneys Paul Fishman and Michael Krouse, who both have experience representing clients in criminal matters, served as my legal counsel in this criminal case.  Together with attorneys Veronica Callahan and Kathleen Riley, the four A&P attorneys provided legal advice to me in connection with this case.

9.      As we prepared a defense to the Indictment, the A&P securities lawyers reviewed the relevant securities laws and the facts of this case, and prepared a defense to the charges including a recognition that I had in fact made disclosures to investors advising those investors that "Infinity Q may, on occasion, value Securities… where such exchange, pricing service, quote or quotes may not provide a reliable indication of fair value, Infinity Q will value such Positions based on relevant information," among other similar disclosures.

10.     Although the securities attorneys (attorneys Callahan and Riley) found that there were in fact exculpatory disclosures made to investors by Infinity Q, the criminal attorneys (attorneys Fishman and Krouse) appeared to disagree with the securities attorneys on what, if any, impact the disclosures had on the remaining Counts of the Indictment.

11.     As we approached the November 2022 scheduled trial date, the criminal attorneys appeared to take the lead in final trial preparation.  Attorney Michael Krouse was more involved than Paul Fishman in final trial preparation.  As a matter of fact, neither of the criminal attorneys appeared to be as prepared as the two securities lawyers, including as to the facts of the case, and there appeared to be some disagreement as to who would be my lead trial lawyer during trial.

12.     At one point during our final trial preparation, Attorney Callahan told me that she did not believe the criminal attorneys were as prepared as the securities attorneys, and indicated she may be the lead attorney during the criminal trial.

13.     The statement by my securities lawyer (Attorney Callahan), that she may be my lead attorney during my criminal trial concerned me, but I agreed with her assessment that the securities lawyers were better prepared for trial than my criminal attorneys.

14.     During this same time period in mid-November 2022, just weeks before my scheduled trial, attorney Michael Krouse began an intense effort to convince me that even though I believed I was innocent, and the securities lawyers agreed with me that Infinity Q had in fact made disclosures to its investors, I should plead guilty to securities fraud.

15.     Attorney Krouse repeatedly told me that I was facing a possible 30 years to life sentence in Federal prison and that I should plead guilty and try to get a much shorter prison sentence, maybe as low as 6 years of incarceration.

16.     Although I still believed that I was innocent, the prospect of a 30 years to life sentence frightened me.  The criminal lawyers convinced me that they could draft a statement of facts covering my conduct that should be accepted by the Court.  I subsequently read that statement during my plea hearing.

17.     Because of my mental health diagnoses, including major depression and PTSD, I have significant difficulty speaking out or asking for help when I feel as though someone is against me. Because Attorney Krouse continued to push me to accept a guilty plea to avoid a sentence of 30 years to life even though I repeatedly explained that I did not want to plead guilty, I eventually shut down and began to believe that a guilty plea was my only option.

18.     Subsequent to the date I entered my guilty plea, I learned from my A&P trial team that Attorney Krouse was being considered for an attorney position with the Commodities Futures Trading Commission, an agency that filed a lawsuit against me in February 2022.  That lawsuit was pending during the period of time Mr. Krouse was advising me that I should plead guilty to securities fraud.  Attorney Michael Krouse continuously represented me from February 2022 through March 2023.

19.     I was convinced by the A&P trial team that I should wait until they drafted my sentencing memorandum, and that after reading their draft sentencing memorandum, I would see that even though I believe I am innocent, entering a guilty plea was in my best interest.

20.     On March 4, 2023, just days before my sentencing memorandum had to be filed with the Court, I received the A&P trial team's draft sentencing memorandum.  That memorandum contained a number of factually incorrect statements and I immediately retained a new legal team to review my case and provide legal representation going forward.

21.     To this day, I maintain my innocence, and I humbly ask this Court to allow me to withdraw my plea.


James Velissaris


Dated: April 5, 2023