

555 12th Street, N.W., Suite 1200
Washington, D.C. 20004-1275 U.S.A.
(202) 289-1313
Fax (202) 289-1330

www.btlaw.com

William R. Martin
Partner
202-371-6363
billy.martin@btlaw.com
Admitted to Practice Only In: DC, OH

April 6, 2023

Via ECF
Honorable Denise Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Courtroom 18B
New York, NY 10007

      RE:    *United States v. James Velissaris,* 22 cr. 105 (DLC)

Dear Judge Cote:

      James Velissaris respectfully requests, by and through undersigned counsel, that the Court conduct a *Fatico* hearing to allow Mr. Velissaris to present evidence to contest the loss amount asserted by the government in calculating its proposed sentence. Should the Court grant this request, Mr. Velissaris also respectfully requests a two-week adjournment of his sentencing hearing in order to allow the Court to resolve this critical issue prior to imposing a sentence.

      Under the United States Sentencing Guidelines, "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor ... provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S. Sentencing Guidelines Manual § 6A1.3(a). "[T]he procedure followed in resolving disputed factors at sentencing rests in the district court's sound discretion." *United States v. Prescott*, 920 F.2d 139, 144 (2d Cir. 1990). While there is no requirement that a court hold an evidentiary hearing to resolve sentencing disputes, "[t]he decision to hold or not hold a *Fatico* hearing turns largely on whether the contested information is relevant to the trial court's potential sentence." *United States v. Vanier*, Case No. S1 18-CR-873 (VSB), 2021 WL 5989773, at *6 (S.D.N.Y. Dec. 17, 2021). "If the contested information is relevant to the potential sentence, then it need only be proven by a preponderance of the evidence." *Id.*, citing *United States v. Ruggiero*, 100 F.3d 284, 290 (2d Cir. 1996).

The Sentencing Guidelines calculation included in Mr. Velissaris' plea agreement and presentence investigation report provide for a loss calculation of more than $65,000,000 and less than $150,000,000, adding 24 points to his sentence. (*See* Dkt. No. 83, p. 4.) The government and Mr. Velissaris' prior counsel agreed to a loss amount of $71 million, although that number is not recorded in the plea agreement or presentence report. This loss amount is based on the difference between the government's expert's calculation of the value of a sample of 62 OTC positions in Infinity Q's funds' portfolios, using BVAL, and Infinity Q's valuation of those same assets. However, this amount is based on the faulty assumption that BVAL is the objectively correct source of the fair value of the securities at issue. At the *Fatico* hearing, the defense would be able to present competent evidence to refute the accuracy of the loss amount. Specifically, the defense would present evidence regarding the flaws in the BVAL tool that make it an inaccurate measure of the fair value of the securities in question in this case, particularly given the unprecedented market volatility during the relevant time period. This evidence would demonstrate that the current loss amount used in the Guidelines calculation is not based on an accurate assessment and that the loss amount should in fact be lower.

Not only is the loss amount relevant to Mr. Velissaris' sentence, it is in large part the driver of the applicable Guidelines range. As explained in Mr. Velissaris' Sentencing Memorandum, 60% of the points of his offense level stem from the loss amount designated by the government. (*See* Dkt. No. 92, p. 21.) Even when determined correctly, "the loss table frequently produces arbitrary and unduly severe sentences." *Id*. (quoting Jillian Hewitt, *Fifty Shades of Gray: Sentencing Trends in Major White-Collar Cases*, 125 Yale L. J. 1018, 1032-33 (2016)). Applying the loss amount of $71 million in this case would not only produce an "arbitrary and unduly severe" sentence, but an objectively incorrect one using a flawed valuation tool. Accordingly, Mr. Velissaris respectfully submits that a *Fatico* hearing is the most appropriate way to determine this disputed factor because it will present significant, reliable evidence to assist the Court in determining an accurate, appropriate loss amount upon which to base Mr. Velissaris' sentence.

Should the Court grant Mr. Velissaris' request for a *Fatico* hearing, the defense also respectfully requests a two-week adjournment of sentencing to allow both parties to adequately prepare the necessary evidence to present to the Court.

Sincerely,

William R. Martin

cc: Counsel of Record (via ECF)