Michael A. Battle
William R. Martin (admitted *pro hac vice*)
Michelle N. Bradford (admitted *pro hac vice*)
David S. Slovick
Erin C. Steele (admitted *pro hac vice*)
BARNES & THORNBURG LLP
555 12th Street NW, Suite 1200
Washington, DC 20004
mbattle@btlaw.com
(202) 371-6350
billy.martin@btlaw.com
(202) 371-6363
mbradford@btlaw.com
(202) 408-6922
dslovick@btlaw.com
(646) 746-2019
esteele@btlaw.com
(202) 408-6932

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JAMES VELISSARIS,**<br><br>                **Defendant.** | No. 1:22-cr-00105-DLC<br><br>Hon. Denise L. Cote<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL** |

Pursuant to 18 U.S.C. § 3143(b), Defendant James Velissaris submits this Memorandum of Law in support of his Motion for Release Pending Appeal in the above-captioned matter.[1] For the reasons discussed below, Mr. Velissaris respectfully requests that the Court grant his motion.[2]

**PRELIMINARY STATEMENT**

On April 7, 2023, this Court heard oral argument on Mr. Velissaris' Motion to Withdraw his Guilty Plea, denied the motion, and proceeded with sentencing. (Dkt. No. 116.) Mr. Velissaris was sentenced to 180 months' imprisonment followed by three years of supervised release. (Dkt. No. 117.) The Court also imposed a $100 assessment, a $50,000 fine, and a forfeiture of $22,000,000, but deferred the determination of a restitution amount until June 7, 2023. (*Id.*) At the end of the April 7 argument, over defense objection and the recommendation of the probation officer, the Court remanded Mr. Velissaris to the custody of the United States Marshall's Service. (*Id.*) Mr. Velissaris has been incarcerated ever since.

On April 19, 2023, Mr. Velissaris filed a Notice of Appeal of the Court's April 7, 2023 rulings with the Clerk of the U.S. District Court for the Southern District of New York, and now seeks to be released from detention pending the resolution of that appeal. As discussed below, the Court should grant Mr. Velissaris this relief because he is not a flight risk, would not pose a danger to the community if he were to be released, did not file his appeal for the purposes of delay, and because his appeal raises substantial questions of fact and law that could well result in reversal of this Court's rulings, a new trial, or a reduced sentence.

---

[1] Mr. Velissaris filed his Notice of Appeal on April 19, 2023, within the time permitted by Rule 12.3(a) of the Local Rules of the United States Court of Appeals for the Second Circuit. (Dkt. No. 120.)

[2] Mr. Velissaris adopts and incorporates herein the arguments he made in support of his Motion to Withdraw his Guilty Plea. (*See* Dkt. Nos. 95 and 107.)

**LEGAL STANDARD**

Under 18 U.S.C. § 3143(b), "[a] judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained" unless the judicial officer finds, by clear and convincing evidence, that certain conditions are met. *See* 18 U.S.C. § 3134(b); *U.S. v. Rittweger*, Case No. 02 CR 122 (JGK), 2005 WL 3200901, at *1 (S.D.N.Y. Nov. 30, 2005). "The Second Circuit Court of Appeals has summarized those conditions as follows: (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if the substantial question is determined favorably on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed." *Id*. (quoting *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985)). For the purposes of Section 3143(b), a "substantial question" is "a 'close' question or one that very well could be decided the other way." *Randell*, 761 F.2d at 125 (quoting *United States v. Giancola*, 754 F.2d 898, 900-01 (11th Cir. 1985)). "Release pending appeal is not conditioned 'upon a district court's finding that its own judgment is likely to be reversed on appeal.' Rather, the defendant[] need only show that if a 'substantial question is determined favorably to [the defendant] on appeal, that decision is likely to result in a reversal or an order for a new trial on all counts on which imprisonment has been imposed.'" *Rittweger*, 2005 WL 3200901 at *4 (quoting *Randell*, 761 F.2d at 124-25).

**ARGUMENT**

**I. MR. VELISSARIS IS NOT A FLIGHT RISK.**

The record in this case establishes that Mr. Velissaris is not a flight risk. Prior to his sentencing on April 7, 2023, Mr. Velissaris had been out of custody for over a year, with a perfect

3

pretrial services record. (*See* Presentence Investigation Report, Dkt. No. 83 at 5 ("The defendant's Pretrial Services Officer . . . reported no instances of non-compliance."), 39 ("The defendant is viewed as a good candidate for voluntary surrender, as he has been in compliance with his pretrial reporting conditions and is not viewed as a flight risk or danger to the community.").) He has never missed, or been late for, a court date, and has willingly traveled from his home in Atlanta, Georgia (where, importantly, his wife also lives) to New York whenever required. Moreover, Mr. Velissaris paid a $2 million dollar bond to the Court on February 25, 2022, which he would surrender if he were to flee. (Dkt. No. 13.) The government has offered no arguments, much less evidence, to show that Mr. Velissaris is a flight risk, and there is simply no reason to believe that he would flee rather than voluntarily surrender himself at the conclusion of the appeals process.

At Mr. Velissaris' sentencing hearing, the Court indicated that requests to continue hearing dates and the filing of certain submissions by Mr. Velissaris' lawyers before the sentencing was a factor tending to indicate that Mr. Velissaris may flee. (Dkt. No. 118 at 58.) We note that two of these continuances of the hearing dates were at the request of the government. (Dkt. Nos. 77, 81.) In any event, as Mr. Velissaris' counsel explained at the April 7, 2023 hearing, the decision to file pleadings, and the timing of those filings, were made by Mr. Velissaris' lawyers and have no bearing on his propensity to flee. *See* Poulin, Strengthening the Criminal Defendant's Right to Counsel, 28 Cardozo L. Rev. 1213, 1239 (2006) (courts generally recognize that defense counsel controls most tactical and strategic decisions such as what motions to file, what objections to raise and what arguments to make, matters over which the defendant's preferences do not necessarily control). Nor is there any logical connection between the legal filings made by counsel and Mr. Velissaris' ability to abide by his conditions of release and return to Court (the government has

identified none). Because there exists no evidence that Mr. Velissaris is a flight risk, there is no valid reason not to release him from detention pending his appeal.

## II. MR. VELISSARIS WILL NOT POSE A DANGER TO THE COMMUNITY IF RELEASED.

Similarly, there is absolutely nothing in the record to suggest that Mr. Velissaris would pose a danger to anyone if released. He has not been charged with or sentenced for a violent crime, and has no prior criminal record. As the Court is aware from the numerous letters submitted on his behalf as part of his sentencing submission, Mr. Velissaris is a beloved husband, son, sibling, and friend, and a man of faith. He has never been a danger to anyone and there is no reason to believe he would be now. Neither probation nor the government has argued otherwise. *See United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991) (affirming release of defendant pending appeal where government stipulated that he posed no risk of flight and no danger to the community if he were to be released); *United States v. Kaplan*, No. 02 CR. 883, 2005 WL 3148060, at *1 (S.D.N.Y. Nov. 22, 2005) (granting defendant's motion for release pending appeal where parties agreed that the defendant was not a flight risk and posed no danger to the community).

## III. MR. VELISSARIS RAISES SEVERAL SUBSTANTIAL QUESTIONS ON APPEAL.

Further weighing against his continued incarceration is the fact that Mr. Velissaris has raised substantial legal questions that could result in the reversal of his criminal conviction, a new trial, or a materially reduced sentence. While this Court ultimately disagreed with Mr. Velissaris' arguments concerning his innocence, there is a very real possibility that the court of appeals will find merit in those arguments. Among other matters, Mr. Velissaris raised a substantial question in his Motion to Withdraw his Guilty Plea as to whether he is actually innocent of the charge to which he pled because he cannot be guilty of securities disclosure fraud—as a matter of law— where allegedly omitted information was contained in fund disclosure documents that were made

available to fund shareholders. (Dkt. No. 95 at 5-10.) Similarly, Mr. Velissaris raised a substantial question as to whether the government's "mismarking" allegations could support a fraud claim if the Infinity Q fund disclosure documents authorized Mr. Velissaris to depart from BVAL prices, which they did. (*Id*. at 10-12.) In fact, the government failed to respond to either of these arguments in its Opposition to Mr. Velissaris' Motion to Withdraw, and therefore conceded them. (Dkt. No. 107 at 5, 7-8.)

In addition, Mr. Velissaris has raised substantial questions about the government's compliance with its obligations to produce exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), namely, documents stored on a laptop computer containing three years' worth of workpapers from Infinity Q's auditor and documents related to the SEC's investigation into the BVAL tool, which was at the heart of the government's criminal case. (Dkt. No. 95 at 19-23.) He also raised substantial questions as to the voluntariness of his plea given his mental state at the time he was advised to enter it. (*Id*. at 18-19.) Finally, Mr. Velissaris raised substantial questions about the accuracy of the financial loss number the government used to determine his criminal sentence. (Dkt. No. 113 at 2.) Any one of these issues alone, and certainly all of them taken together, could well result in a new trial in this case, or, at a minimum, a reduced sentence.

## IV. MR. VELISSARIS' APPEAL WAS NOT FILED FOR PURPOSES OF DELAY.

Finally, Mr. Velissaris has not appealed his conviction for the purpose of delay, but instead to prove that he could not, as a matter of law, be found guilty for the crime to which he pled guilty—a fact amply demonstrated by the facts and law cited in the briefing on his Motion to Withdraw his Guilty Plea. (Dkt. Nos. 95, 107.) Mr. Velissaris is eager to begin the appeals process and establish his innocence. This factor, too, militates in favor of releasing Mr. Velissaris from incarceration during the pendency of his appeal.

## **CONCLUSION**

For the foregoing reasons, Mr. Velissaris respectfully requests that the Court grant his Motion for Release Pending Appeal.

Dated: New York, New York
April 19, 2023

Respectfully submitted,

/s/ Michael A. Battle

BARNES & THORNBURG LLP
555 12th Street N.W., Suite 1200
Washington, DC 20004
Michael A. Battle (SDNY Bar Code No. MB9289)
William R. Martin (admitted *pro hac vice*)
Michelle N. Bradford (admitted *pro hac vice*)
Erin C. Steele (admitted *pro hac vice*)
mbattle@btlaw.com
(202) 371-6350
billy.martin@btlaw.com
(202) 371-6363
mbradford@btlaw.com
(202) 408-6922
esteele@btlaw.com
(202) 408-6932

- and -

/s/ David Slovick

David Slovick
BARNES & THORNBURG LLP
390 Madison Ave.
12th Floor
New York, NY 10017
david.slovick@btlaw.com
(646) 746-2019

*Attorneys for Defendant James Velissaris*