

555 12th Street, N.W., Suite 1200
Washington, D.C. 20004-1275 U.S.A.
(202) 289-1313
Fax (202) 289-1330

www.btlaw.com

July 21, 2023

<u>Via ECF</u>
Honorable Denise Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Courtroom 18B
New York, NY 10007

      RE:    *United States v. James Velissaris,* 22 cr. 105 (DLC)

Dear Judge Cote:

      Defendant James Velissaris, through counsel, submits his opposition to the government's request for restitution of legal fees. (ECF No. 134). For the reasons that follow, the Court should exclude the specific portions of the invoices that are not recoverable and/or not covered by the Mandatory Victims Restitution Act ("MVRA").

## I.    Standard for Recovery of Legal Fees Pursuant to the MVRA.

      In *Lagos v. United States*, 138 S. Ct. 1684 (2018), the Supreme Court narrowly construed the MVRA, concluding that the words "investigation" and "proceedings" refer specifically to "*criminal* prosecution" and "*criminal* investigation."[1] *Id.* at 1688 (emphasis added). *Lagos* thus "limit[s] restitution to expenses incurred for investigatory activities that the government expressly and specifically 'invited' or 'requested.'" *United States v. Avenatti*, No. 1:19-cr-373, 2022 WL 452385, at *5 (S.D.N.Y. Feb. 14, 2022). The requested expenses must also be necessary and reasonable. 18 U.S.C. 3663A(b)(4); *see also United States v. Calonge*, No. 1:20-cr-523, 2022 WL 1805852, at *7 (S.D.N.Y. June 1, 2022) (victim of criminal conduct only entitled to restitution of the proven necessary and reasonable legal expenses incurred at the request or invitation of the government). Courts in this District have identified three categories of legal expenses for which a corporate victim may seek restitution: (1) responding to subpoenas and requests from the Government in connection with assisting in the prosecution; (2) preparation of witnesses for

---

[1] In *United States v. Afriyie*, the Second Circuit reiterated the holding in *Lagos*, and held that restitution is appropriate only for expenses associated with criminal matters. 27 F.4th 161, 163 (2d Cir. 2022). Civil matters—including SEC investigations, even if closely related to a criminal case—do not qualify. *Id.* The Government even noted in its submission that that the VAF subtracted any fees that were paid "exclusively on account of regulatory investigations or civil litigation." (ECF No. 134).

Honorable Denise Cote
RE: *United States v. James Velissaris, 22 cr. 105 (DLC)*
July 21, 2023
Page 2

interviews by government prosecutors; and (3) preparation of materials in support of a post-verdict request for restitution. *Id.*; *see also United States v. Maynard*, 743 F.3d 374, 381 (2d Cir. 2014) (clarifying that "[t]he victim expenses that are recoverable as restitution under [the MVRA] are expenses that the victim was required to incur to advance the investigation or prosecution of the offense."). As discussed further below, many of the claimed legal expenses do not fall within any of these categories.[2]

### II. The Volatility Alpha Fund ("VAF") is not entitled to all of the legal fees it seeks.

**A.** <u>Mr. Velissaris' Legal Fees are not recoverable, and, in any event, are excessive.</u>

The government's submission fails to include any proof that many of the legal expenses for which the VAF seeks reimbursement are "necessary" or were "specifically invited or requested" by the government during the VAF's participation in a criminal investigation or criminal prosecution. The government has not argued that it invited or requested many of the expenses incurred by Mr. Velissaris' counsel. Nor could it. For example, 11 invoices submitted with the government's submission are expenses incurred in civil litigation or SEC civil investigation matters. In total, these invoices consist of $359,043.54 in expenses that are not recoverable under the MVRA.[3]

Further, many of the legal expenses incurred on Mr. Velissaris' behalf are excessive because counsel repeatedly engaged in block billing (and double billing), which makes it impossible to segregate recoverable expenses from those that are not, and also to determine the reasonableness of those diary entries. Block billing prevents the Court from segregating recoverable expenses from non-recoverable expenses. *Avenatti*, 2022 WL 452385, at *10. In awarding attorneys' fees, "block billing is not preferred," and it is only permissible where "the records allow the court to conduct a meaningful review of the hours requested." *Restivo v. Hessemann*, 846 F.3d 547, 591 (2d Cir. 2017) (citation omitted). Here, in many instances, no effort is made to attribute amounts of time to particular tasks within the same billing entry. For example, there are multiple time entries exceeding 10 hours that include five or more tasks, with no allocation as to how much time was spent on each specific task. If "counsel had anticipated restitution, they could have kept better track of their hours by implementing separate billing codes or stricter time narratives." *United States v. Cuti*, 708 F. App'x 21, 24 (2d Cir. 2017). The invoices submitted with the government's submission are also heavily redacted (*e.g.*, 4.9 hour entry for "Review and analyze …"), which makes it impossible for Mr. Velissaris, or the Court, to determine whether these entries are necessary and reasonable. To illustrate the number of redactions, defense counsel used an ellipsis for each redaction in the time entries identified in the attached exhibits.

---

[2] Defendant has identified the specific costs he contends should be excluded in Exhibits B, C, and D, which will be separately filed under seal.

[3] Defendant has identified the specific invoices that contain expenses incurred exclusively in civil matters in Exhibit A, which will be separately filed under seal.

**BARNES & THORNBURG** LLP

Honorable Denise Cote
RE: *United States v. James Velissaris, 22 cr. 105 (DLC)*
July 21, 2023
Page 3

The expenses incurred on Mr. Velissaris' behalf are also excessive because the VAF seeks reimbursement for having ***multiple*** attorneys perform and bill Mr. Velissaris for the same task, such as reviewing Mr. Velissaris' pre-trial motions, meeting with the government, and participating in team meetings. *See United States v. Gupta*, 925 F. Supp. 2d 581, 587-88 (S.D.N.Y. 2013), *aff'd*, 747 F.3d 111 (2d Cir. 2013) (reducing restitution award by 10% where "the number of attorneys staffed on a task . . . exceeded what was reasonably necessary under the MVRA," even if the same staffing might be "perfectly appropriate on the assumption that [the corporate victim] wished to spare no expense on a matter of great importance to it."); *see also United States v. Ebrahim*, No. 12-CR-471, 2013 WL 2216580, at *4 (S.D.N.Y. May 21, 2013) finding some excessive billing and an unnecessary amount of attorneys involved in certain tasks, and deducting 10% of amount requested). Here, most of the entries in which multiple Arnold and Porter or Gibson Dunn attorneys billed dozens of hours for the same project involve review of pre-trial motions, briefs, and letters filed by Mr. Velissaris or the Government, or team meetings with five or more attorneys in attendance. This was exacerbated by Arnold and Porter's excessive hourly rates (charging up to $1,675 per hour for a partner and $950 for an associate) as well as the hourly rates of Gibson Dunn (charging up to $1,615 per hour for a partner, $1,020 for an associate, and $955 for of counsel). *See, e.g., United States v. Napout*, No. 15-CR-252, 2018 WL 6106702, at *9 (E.D.N.Y. Nov. 20, 2018) (finding 20% deduction appropriate given Sidley Austin's "excessive" hourly rates of $1,375 per hour for a partner, $795 for a counsel, and $675 per hour for an associate).

Despite these billing issues, the government expects Mr. Velissaris and the Court to extricate recoverable expenses from non-recoverable expenses, and to determine the reasonableness of any recoverable expenses. The Supreme Court has sought to relieve district courts from "significant administrative burdens" of resolving "potentially time-consuming controversies as part of criminal sentencing," particularly "in cases involving multimillion dollar investigation expenses for teams of lawyers." *See Lagos*, 138 S. Ct. at 1689. It is not possible to parse out from the billing records what is recoverable or reasonable, and what is not. In this respect, the Government and the VAF have not carried their burden and the Court should exclude the unreasonable and indistinguishable fees in the billing records. For these reasons, $3,690,953.83 should be excluded from the VAF's restitution request, or, to avoid the any significant administrative burden on the Court, apply a 20% deduction to the invoices submitted with the government's restitution request, given the excessive hourly rates and other billing deficiencies. Attached hereto as **Exhibit B** is full list of the legal expenses the VAF incurred on Mr. Velissaris' behalf that he requests be excluded from the court's restitution order.

B.  Mr. Velissaris Should Not Be Ordered to Repay the Legal Fees of Third Parties.[4]

The government has also submitted invoices for legal fees advanced by the VAF to Scott Lindell and two other VAF employees totaling $593,497.67. (ECF No. 134). These invoices are

---

[4] The legal expenses incurred on behalf of third parties also suffer from the same billing deficiencies identified above (*e.g.*, relating to SEC/civil matters, block billing, multiple attorneys working on same tasks, excessive hourly rates).

BARNES & THORNBURG LLP

littered with expenses that are not recoverable under the MVRA. For example, many of the expenses were not incurred during participation of a *criminal* investigation, relate to SEC, CFTC, or "other government agenc[y]" matters, and include trial preparation expenses, which are not recoverable under the MVRA. *See United States v. Chan*, No. 16-cr-10268, 2019 WL 3975579, at *8 (D. Mass. Aug. 22, 2019) (excluding excessive and unnecessary time for "witness preparation" because "[t]rial witness preparation . . . is the responsibility of the government prosecutor, not private counsel. And although [defendant's employer's] counsel may well have assisted the prosecution in presenting the government's case, the mandatory restitution statute does not allow for this shifting of fees to the defendants."). The billing entries relating to DOJ/criminal matters are thread into and mixed with entries relating to SEC/civil matters, which makes the vague "review," "call," "confer" time entries problematic. It also appears as if the VAF went through the legal invoices and arbitrarily selected which expenses were recoverable, as there are various vague entries that appear to relate to SEC/Civil matters (*e.g.*, "Call with J. Brodsky/D. Tudor at SEC") that are sometimes highlighted, but other times not.

Under the MVRA, the government has the burden of seeking and establishing a claim for restitution. The MVRA does not require Mr. Velissaris to be on the hook for time entries that could have easily had a separate billing code, or better billing entry practices, such as by merely including "DOJ" or "criminal matter," which is included in many, of the time entries not referenced herein. *See Cuti*, 708 F. App'x at 24 (counsel should implement separate billing codes or stricter time narratives). Mr. Velissaris is not legally nor contractually obligated to reimburse the VAF for legal fees advanced to other individuals. *See* Velissaris Undertaking ("I hereby request that the Partnership and Offshore Fund indemnify *me* . . ."). For these reasons, $238,801 should be excluded from the VAF's restitution request. Attached hereto as **Exhibit C** is full list of the legal expenses the VAF incurred on Mr. Lindell's and the two other employees' behalf that Mr. Velissaris requests be excluded from the court's restitution order.

### III. The Diversified Alpha Fund ("DAF") is not entitled to all of the legal fees it seeks.

The DAF seeks $21,926 for attorneys' fees it claims are entirely related to its restitution application. (ECF No. 129). However, after review of the DAF's invoices, several of the time entries do not properly describe the work performed to allow the Court to determine whether the requested fees are permissible. While the government has provided an email from the DAF in which it contends the amounts in question relate to the restitution request, the simple fact that they were not properly designated as such in the relevant time entries should preclude their recovery. *See, e.g., Cuti*, 708 F. App'x at 24 (if "counsel had anticipated restitution, they could have kept better track of their hours by implementing separate billing codes or stricter time narratives"). Further, the DAF seeks restitution for legal fees incurred for its counsel's attendance at "Velissaris hearing on motion to withdraw plea and sentencing." (ECF No. 46-3, p. 3). Such fees are not "necessary" expenses, and thus not recoverable under the MVRA. *See Chan*, 2019 WL 3975579 at *7-8 ("The court finds it is neither foreseeable nor reasonable to charge Defendants attorneys' fees for attending and reporting on criminal proceedings, and moreover, that these fees do not constitute necessary expenses. Indeed, while many individual victims would greatly appreciate

Honorable Denise Cote
RE: *United States v. James Velissaris, 22 cr. 105 (DLC)*
July 21, 2023
Page 5

having an attorney watch and report on all proceedings relating to the crime, the mandatory restitution scheme supports no such fee shifting provision for individual or corporate victims. The court finds such a luxury unworkable and unjust in a mandatory restitution scheme. Indeed, such a statutory construction would create a bizarre incentive where defendants could not afford to go to trial and would need to minimize the moments they appear in court or the documents they file on the public docket, knowing that they could be charged at sentencing with legal fees for every month of court time."). For these reasons, $2,145 should be excluded from the DAF's restitution request. Attached hereto as **Exhibit D** is full list of the legal expenses the VAF incurred that Mr. Velissaris requests be excluded from the court's restitution order.

**Conclusion**

For the foregoing reasons, Mr. Velissaris respectfully requests that the Court exclude the above-mentioned legal fees totaling $3,931,899.83 from the Court's restitution order.

Respectfully submitted,

/s/     Michelle N. Bradford
Michelle N. Bradford (admitted *pro hac vice*)
Michael A. Battle
William R. Martin (admitted *pro hac vice*)
David S. Slovick (*Entry of Appearance* forthcoming)
Erin C. Steele (*pro hac vice* pending)
BARNES & THORNBURG LLP
555 12th Street NW, Suite 1200
Washington, DC 20004

cc:     Counsel of Record (via ECF)

BARNES & THORNBURG LLP