

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 2, 2023

Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:  **United States v. James Velissaris,**
>       **22 Cr. 105 (DLC)**

Dear Judge Cote:

The Government writes in response to defendant James Velissaris's July 21 submission regarding the attorney's fees sought in restitution in the above-captioned case, per the Court's July 19, 2023 Order. (Dkt. 135). With the modification and for the reasons stated below, the victims' requests for attorney's fees should be granted.

### A. Procedural History

On November 21, 2022, the defendant pleaded guilty to one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2. The plea agreement that the defendant signed included an agreement "to make restitution in an amount ordered by the Court, pursuant to Title 18, United States Code, Sections 3663, 3663A, and 3664." (Plea Agmt. 2). At the defendant's April 7 sentencing, the Court deferred its determination of restitution pursuant to 18 U.S.C. § 3664(d)(5) "to give the parties time to hopefully reach agreement with respect to the amount of restitution." (Sent. Tr. 43-44).

The parties have submitted a number of letters addressing the appropriate restitution amount. On June 13, 2023, the Government submitted a letter setting out the requests of two of the victims, the Diversified Alpha Fund ("DAF") and the Volatility Alpha Fund ("VAF") (together, the "Funds") for a total of approximately $126 million in restitution. These requests included requests to compensate for loss caused by overpayments to Infinity Q and shareholders due to the defendant's fraud, payments to third-party vendors necessitated by the defendant's fraud, and attorney's fees related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense. (Dkt. 129). On June 20, the defendant submitted a letter objecting to the restitution requests on multiple grounds. (Dkt. 130).

The Honorable Denise L. Cote  Page 2
August 2, 2023

On June 27, the Court ordered that restitution would be entered in this case, with the final amount of restitution to be determined at a later date. (Dkt. 131). On July 24, the Court granted the Funds' restitution requests in full, except for the requests for attorney's fees, on which the Court deferred decision pending further briefing. (Dkt. 139).

On July 14, the Government submitted additional information about the Funds' requests for attorney's fees, including supporting invoices. (Dkt. 134). On July 21, the defendant filed a letter stating his objections to these requests. (Dkt. 136).

### B. The VAF's Legal Fees

The defendant argues that a significant portion of the legal fees incurred by the defendant and third parties should not be included in restitution because they (i) relate to SEC or civil matters, rather than the criminal investigation or prosecution; (ii) involve "block billing" such that the true nature of the work cannot be discerned; (iii) involve multiple attorneys working on same tasks; or (iv) include purportedly excessive hourly rates.

The defendant has attached three exhibits to his July 21 letter, identifying the legal fees that he argues should be excluded from restitution. Defense Exhibit A sets forth certain invoices from the defendant's legal fees that allegedly relate in their entirety to civil or regulatory matters. Defense Exhibit B sets forth line items from the defendant's legal fees that allegedly relate to civil or regulatory matters. Defense Exhibit C sets forth line items from the third-party legal fees that allegedly relate to civil or regulatory matters.[1]

#### 1. The VAF and the Government Do Not Seek Restitution for Invoices Listed in Defense Exhibit A

Since the defendant filed his letter, the Government has carefully reviewed the VAF's request and has determined that in the interest of efficiency, the invoices listed in Defense Exhibit A, which were billed using billing codes for the defendant's SEC or civil matters, should be removed from the VAF's request.[2]

As background, each of the law firms hired by the defendant set up separate billing systems, so that they could separately track their work on the criminal matter, using one billing code, and the SEC/civil matters, using a different code. When the law firms submitted their invoices to the VAF for reimbursement, the law firms certified that the invoices were accurate. The invoices listed in Defense Exhibit A were invoices filed by these law firms using the codes for their

---

[1] The defendant also argues that restitution should not include the legal fees of third parties. This portion of his argument is moot, as the Court has already held that the legal fees of third parties are recoverable in restitution. (July 24 Order at 26 (citing *United States v. Afriyie*, 27 F.4th 161, 173 (2d Cir. 2022))).

[2] The Government has communicated with the VAF about this modification, and the VAF does not have an objection to proceeding in this manner.

The Honorable Denise L. Cote                                                                                    Page 3
August 2, 2023

SEC/civil matters. Several of these invoices were already excluded from the previous request for restitution, but for efficiency's sake and to avoid any confusion, the Government asked the VAF to recalculate its restitution request to exclude these invoices. This resulted in a reduction of $311,588.24, such that the VAF's revised restitution request regarding the defendant's attorney's fees is $19,923,908.05.[3]

### 2. The Requested Attorney's Fees Referenced in Defense Exhibits B and C Relate to the Criminal Matter

The remainder of the requested fees should be granted in full, as they relate to participation in the criminal investigation and prosecution. *See* 18 U.S.C. § 3663(b)(4); *see also United States v. Afriyie*, 27 F.4th 161 (2d Cir. 2022). Turning to Exhibit B, many of these line items come from the Civil Invoices listed in Defense Exhibit A and, as noted above, have been excluded from the revised restitution request. The remainder come from invoices submitted by the defendant's former lawyers under the billing codes for the criminal matter. As noted above, these billing records were prepared and submitted by experienced lawyers who certified their accuracy. The use of the criminal matter billing code is therefore reliable evidence that these fees relate to the criminal investigation and prosecution, and are therefore recoverable under the relevant statutes, and these billing records provide more than a sufficient basis to make a "reasonable estimate" of the losses incurred, *United States v. Milstein*, 481 F.3d 132, 137 (2d Cir. 2007).

Similarly, the line items identified in Exhibit C are all recoverable. Prior to submitting its initial restitution request, the VAF reviewed these third-party invoices and included in its request only the line items that related to the criminal matter. (*See* Dkt. 129, at 5).[4] Only two line items identified in Defense Exhibit C appear to have been erroneously included, but because in both instances, an identical, recoverable expense was erroneously <u>not</u> included, the errors do not affect the final amount of the request. The first, a highlighted entry for $280.50 billed for "email communications with SEC staff" on September 19, 2022, is clearly a mistake, as there is an identical billing entry two lines earlier that was not highlighted, noting $280.50 billed for "call with Milbank regarding DOJ matter." IQCM-SDNY-00001003. In other words, the wrong line was highlighted, but because both entries were for $280.50, the error has no effect on the ultimate restitution request. The second is a highlighted entry for $374.00 billed for a "call with D. Tudor and J. Brodsky at SEC" on May 9, 2022. Here, again, just three lines later, there is $374 billed for a "call with USAO regarding DOJ matter" that is not highlighted. Again, an error in highlighting, with no effect on the ultimate amount requested. The defendant's challenges to the other line items

---

[3] The defendant stated in his July 21 letter that removing these invoices would reduce the request by $359,043.54. Because some of these invoices had already been excluded from the prior restitution request, the actual reduction is less.

The VAF has also excluded any fees from the invoices with BATES ending in -1092, -1096, and -1225, as these relate to SEC/civil matters.

[4] These invoices were attached to the Government's July 14, 2023 letter, and bear BATES IQCM-SDNY-00000982 through IQCM-SDNY-00001057. Only the highlighted entries were included in the restitution request.

in Exhibit C are without merit, as they clearly relate to the criminal matter, and Court should grant the restitution request for third-party attorney's fees of $595,297.67.

### 3. The Requested Attorney's Fees Are Not Excessive

The defendant's remaining challenges to the attorney's fees are without merit. There is nothing inherently wrong with reimbursement for fees that were subject to "block billing," or including multiple tasks in one entry, so long as the Court can determine that everything in the entry is properly reimbursable. Here, the "block billing" entries involve multiple tasks in furtherance of the criminal investigation. For example, the defendant takes issue with a November 22, 2021 entry noting that the lawyer billed four hours for "Review database files to identify additional documents for presentation binder. Review revised talking points and draft presentation binder; internal correspondence re: revisions to same. Confer with J. Klein re: presentation prep. Review May/June 2020 Lindell and Velissaris email communications." IQCM-SDNY-00001009, at 9; (Def. Ex. C, at 5). But all of these tasks were clearly part of this lawyer's preparation for an upcoming DOJ meeting, for which the law firm prepared a binder and talking points, as a review of the surrounding entries makes clear. *See* IQCM-SDNY-00001009, at 8-10.

There is also nothing improper or excessive about multiple attorneys working on the same matter. Indeed, it would be remarkable if multiple attorneys did not work on a criminal investigation of this complexity and scope. As noted numerous times during the proceedings in this case, the defendant carried on a complex fraud for multiple years. As the defendant himself recognized when he assembled legal teams involving multiple partners at the most prestigious firms in the city, this case was not a job for a single lawyer.

Last, the hourly billing rates of the attorneys involved were well within the range of standard rates in this District, and reflected their considerable expertise.

### C. The DAF's Legal Fees

The defendant contests $2,145 of the legal fees requested by the DAF because he claims that several of the time entries do not properly describe the work performed (although he concedes that supplemental information that the DAF provided later corrected this error), and because certain entries relate to the DAF's counsel's attendance at the defendant's April 7 hearing and sentencing. The specific, contested costs are listed in Exhibit D to the defendant's July 21 letter.

These arguments are without merit, and the DAF's request for $21,926.00 in legal fees should be granted in full. The first two challenged entries were entered on the invoices as "correspondence" with specific individuals. When the defendant asked for further information, the DAF clarified several weeks ago that the two entries related to communications about preparing the DAF's restitution request in this case. This is clearly within the bounds of the relevant statutes, and the defendant has not argued otherwise, except to claim that the DAF should have been precluded from supplementing the factual record—a task that it undertook in a timely manner. The defendant cites no authority for this argument, which is without merit.

The Honorable Denise L. Cote　　　　　　　　　　　　　　　　　　　　　　　　　Page 5
August 2, 2023

　　　　The third challenged entry is for the DAF's attendance at the defendant's sentencing hearing and hearing on his motion to withdraw his plea.  This motion is similarly without merit.  Both the Victim and Witness Protection Act and the Mandatory Victims Restitution Act provides that the defendant must reimburse victims for expenses incurred in connection with "attendance at proceedings related to the offense."  18 U.S.C. §§ 3663(b)(4), 3663A(b)(4).  While some courts have denied restitution to compensate for attorney's fees incurred to permit a victim's attorney to observe the entirety of a criminal trial or all pre-trial proceedings, the sentencing proceeding and hearing on a motion to withdraw a plea were proceedings at which the victim's interests were directly at stake and it was eminently foreseeable to the defendant and reasonably necessary to the victim (which is an entity, not an individual) to have the victim's attorney present for these proceedings and prepared to represent the interests of the victim.  *See United States v. Avenatti*, No. 19 Cr. 373 (PGG), 2022 WL 452385, at *9 (S.D.N.Y. Feb. 14, 2022); *United States v. Chan*, No. 16 Cr. 10268 (IT), 2019 WL 3975579, at *8 (D. Mass. Aug. 22, 2019).  Accordingly, the DAF is entitled to the costs of such attendance.

### Conclusion

　　　　The defendant's arguments are without merit, and the Court should order restitution to the VAF of $20,519,205.72 and to the DAF of $21,926.00.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　DAMIAN WILLIAMS
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　by:　　　/s/
　　　　　　　　　　　　　　　　　　　　Margaret Graham
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　(212) 637-2923

cc: Counsel for defendant James Velissaris