```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :       22cr105 (DLC)
                                        :
              -v-                       :          ORDER
                                        :
JAMES VELISSARIS,                       :
                           Defendant.   :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Two funds that were victimized by the defendant's criminal conduct -- the Diversified Alpha Fund ("DAF") and the Volatility Alpha Fund ("VAF") (together, the "Funds") -- submitted requests for restitution. The DAF sought $46,482,819.00 in overpayments to certain shareholders, $7,485,202.00 in excess management fees, $850,000.00 in payments to a third party who provided liquidation services, $1,573,882.00 in payments to a third party who provided reevaluation services, $2,288,416.00 in payments to a third party who assisted in distributing DAF's assets, and $450,000.00 for a license to Bloomberg valuation software. The VAF sought $18,880,319.12 in overpayments to certain investors, $26,573,945.89 in excess fees paid to Infinity Q Capital Management, LLC, and $844,067.05 in fees paid to a third-party service provider. The DAF and VAF also sought restitution for certain legal expenses that each of the Funds had paid.

On July 24, 2023, an Opinion was issued largely granting the Funds' requests for restitution but deferring final decision on the appropriate amount of attorneys' fees pending further briefing. United States v. Velissaris, No. 22cr105 (DLC), 2023 WL 4702049 (S.D.N.Y. July 24, 2023). The attorneys' fees issue was fully submitted on August 2.

The Funds requests for attorneys' fees, as presented in the Government's August 2 submission, are granted. The fees sought are properly included within the restitution amount. The hours were reasonably expended and the hourly rates are appropriate.

The defendant challenges certain of the fees sought by the Funds as unrelated to the criminal proceedings against him and thus inappropriate to include in a restitution award. As explained in the Court's July 24 Opinion, attorneys' fees that a victim was "required to incur to advance the [criminal] investigation or prosecution" may be included in the restitution amount. United States v. Afriyie, 27 F.4th 161, 173 (2d Cir. 2022). The VAF has withdrawn its request for certain fees relating to the SEC's parallel action against the defendant. The remaining fees relate to the criminal proceeding and, accordingly, may be included in the restitution amount.

The defendant also argues that certain fees are, for various reasons, excessive. Having reviewed the relevant materials, the requested fees are not excessive. The hours

expended were reasonable, and the hourly rates charged are in line with similar rates in this District for similarly qualified attorneys. The defendant's remaining arguments are without merit.

Thus, for the reasons articulated above and in the Court's July 24 Opinion, the DAF is entitled to $21,926.00 in attorneys' fees and the VAF is entitled to $20,519,205.72. Adding this to the other restitution amounts already granted, the VAF is entitled to a total of $66,817,537.78 in restitution and the DAF to a total of $59,152,425.00. Accordingly, it is hereby

ORDERED that the defendant shall pay $66,817,537.78 in restitution to the VAF and $59,152,425.00 in restitution to the DAF.

Dated: New York, New York
August 3, 2023

_____
DENISE COTE
United States District Judge