```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------- X
                                             :
JAMES VELISSARIS,                            :        25cv10059(DLC)
                          Petitioner,        :        22cr105(DLC)
                                             :
            -v-                              :        ORDER RE ATTORNEY-
                                             :        CLIENT PRIVILEGE
UNITED STATES OF AMERICA,                    :           WAIVER
                                             :
                          Respondent.        :
-------------------------------------------- X
```

DENISE COTE, District Judge:

On December 2, 2025, James Velissaris petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, raising five grounds for relief.  The Government filed its response on March 16, 2026, and Velissaris replied on April 2.  Among other claims, Velissaris contends that one of his former attorneys, Mr. Michael Krouse of Arnold & Porter Kaye Scholer LLP ("Arnold & Porter"), was laboring under an actual conflict of interest at the time he counseled Velissaris about his entry of a guilty plea because Mr. Krouse was later interviewed for a position at the CFTC.

A procedural default rule prevents claims that could have been brought on direct appeal from being raised in a § 2255 petition absent a demonstration of either (1) cause and actual prejudice or (2) actual innocence.  Gupta v. United States, 913 F.3d 81, 84 (2d Cir. 2019).  The procedural default rule does not, however, apply to claims of ineffective assistance of counsel, regardless of "whether or not the petitioner could have raised the claim on direct appeal." Yick Man Mui v. United States, 614 F.3d 50, 54 (2d Cir. 2010).  When

a petitioner's ineffective assistance of counsel claim is based on an alleged conflict of interest, prejudice to petitioner is presumed if he demonstrates "that his attorney labored under an actual conflict of interest and that the actual conflict of interest adversely affected his lawyer's performance." United States v. Rivernider, 828 F.3d 91, 109 (citation omitted).

Having reviewed the parties' briefing, the Court requires further information from Mr. Krouse and, if they possess pertinent information, petitioner's other Arnold & Porter attorneys (together, "former counsel") at the time regarding the facts underlying this claim. Accordingly, it is hereby

ORDERED that, should petitioner wish to pursue this claim, he shall execute and file within sixty days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the form is not received by the Court within sixty days from today's date, the Court will deny the ineffective assistance of counsel claim on the ground that Velissaris failed to authorize the disclosure of information needed to evaluate the claim.

IT IS FURTHER ORDERED that, upon receipt of the executed "Attorney-Client Privilege Waiver (Informed Consent)" from Velissaris, the Government shall promptly serve said waiver on former counsel, who shall give testimony, in the form of an affidavit or declaration, addressing the allegations of ineffective assistance of counsel made by Velissaris within thirty days of receiving the signed waiver from the Government.

2

IT IS FURTHER ORDERED that, within thirty days from the date as of which former counsel's declarations are filed, the Government may file a further response to petitioner's ineffective assistance of counsel claim only.  If a response is filed, petitioner shall have thirty days from the date on which he is served with the Government's response to file a reply, if any.

IT IS FURTHER ORDERED that the Clerk of Court is directed to mail a copy of this Order to Velissaris and note mailing on the docket.

Dated:    New York, New York
          May 5, 2026

                                    _____
                                    DENISE COTE
                                    United States District Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
                                            :
    JAMES VELISSARIS,                        :
                        Petitioner,          :
                                            :          25cv10059(DLC)
                -v-                          :          22cr105(DLC)
                                            :
    UNITED STATES OF AMERICA,                :
                                            :
                        Respondent.          :
------------------------------------------- X

### ATTORNEY-CLIENT PRIVILEGE WAIVER (INFORMED CONSENT)

To: James Velissaris

You have made a motion under Title 28, United States Code, Section 2255 to have your conviction vacated on the ground that you received ineffective assistance from your former lawyer, Mr. Michael Krouse. The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from Mr. Krouse and, to the extent they possess pertinent information, your other Arnold & Porter LLP attorneys (collectively, "former counsel"), in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former counsel to the extent relevant to determining your claim.  This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former counsel a secret -- you must allow them to be disclosed to the Government and to the Court pursuant to Court order.  The Court has already issued an Order (copy attached) ordering your former counsel to give such testimony, in the form of an affidavit.  This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to vacate your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court (keeping a copy for your records).  The form constitutes your authorization to your former counsel to disclose confidential communications (1) only in response to a Court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former counsel will contradict your statements about

his or her representation of you.  However, you should also know that the Court will deny your motion if you do not authorize your former counsel to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within sixty (60) days from the date of the Court's Order directing your former counsel to give testimony.  If the Court does not receive this form, signed by you and notarized, within that time, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former counsel -- Mr. Michael Krouse, Ms. Kathleen Reilly, Mr. Paul Fishman, and Ms. Veronica Callahan -- to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to vacate my conviction on the ground of ineffective assistance of counsel.  This authorization allows my former counsel to testify only pursuant to Court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.


_____            Dated: _____
James Velissaris


Sworn to before me this _____ day of _____, 2026



_____
Notary Public


2