UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES VELISSARIS,
Petitioner,

-v-

UNITED STATES OF AMERICA,
Respondent.

25cv10059(DLC)
22cr105(DLC)

ORDER

DENISE COTE, District Judge:

On December 2, 2025, James Velissaris petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Among other claims, Velissaris contends that one of his former attorneys, Mr. Michael Krouse of Arnold & Porter Kaye Scholer LLP ("Arnold & Porter"), was laboring under an actual conflict of interest at the time he counseled Velissaris about his entry of a guilty plea because Mr. Krouse was later interviewed for a position at the Commodity Futures Trading Commission ("CFTC").

After reviewing the parties' briefing, the Court concluded that it needed information from Mr. Krouse and, if they possess pertinent information, petitioner's other Arnold & Porter attorneys (together, "former counsel") regarding the facts underlying this claim. An Order of May 5, 2026 required Velissaris to execute and file an Attorney-Client Privilege Waiver (the "Waiver") within sixty days should he wish to continue to pursue this ineffective assistance of counsel claim.

Velissaris did not execute the Waiver. Instead, on July 9, he filed a motion to limit the inquiry, arguing that the "timing and nature of former counsel Michael Krouse's employment discussions with the [CFTC]" are "objective factual question[s] that can be resolved through non-privileged evidence." Consequently, Velissaris requests that the Court "first permit development of this objective factual record before compelling disclosure of privileged communications."

The Order of May 5 did not compel disclosure of privileged communications. Rather, the Waiver requires petitioner to "waive the attorney-client privilege [he] had with [his] former counsel to the extent relevant to determining [his] claim." Under "unanimous federal authority," when a habeas petitioner claims ineffective assistance of counsel, he "impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim." United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009). To the extent privileged communications will help to prove or disprove petitioner's claim, petitioner may not withhold his consent to their disclosure while maintaining the claim. Accordingly, it is hereby

ORDERED that petitioner's July 9 motion is denied.

IT IS FURTHER ORDERED that, should Velissaris wish to pursue this claim, he shall execute and file the Waiver by **July 31, 2026.** If the form is not received by the Court by that date, the Court will deny this ineffective assistance of counsel claim on the ground

that Velissaris failed to authorize the disclosure of information needed to evaluate the claim.

IT IS FURTHER ORDERED that, upon receipt of the executed Waiver from Velissaris, the Government shall promptly serve said Waiver on former counsel, who, within thirty days of receiving the signed Waiver, shall give testimony in the form of an affidavit or declaration that addresses the allegations of ineffective assistance of counsel made by Velissaris.

IT IS FURTHER ORDERED that, within thirty days from the date as of which former counsel's declarations are filed, the Government may file a further response to petitioner's ineffective assistance of counsel claim only. If a response is filed, Velissaris shall have thirty days from the date on which he is served with the Government's response to file a reply, if any.

IT IS FURTHER ORDERED that the Clerk of Court is directed to mail a copy of this Order to Velissaris and note mailing on the docket.

Dated: New York, New York
July 15, 2026

DENISE COTE
United States District Judge